ROBBINS et al. v. ILLINOIS WATCH CO.

(Circuit Court of Appeals, Seventh Circuit. July 17, 1897.)

No. 392.

**1. PATENTS—STEM-WINDING WATCHES.**

The Church reissue, No. 10,631, for an improvement in stem-winding watches, covers merely the stem-winding and hands-setting train, and does not include the watch movement as a part of the combination.

**2. SAME –INFRINGEMENT—SEGREGATION OF PROFITS.**

Where a watchmaker used infringing hands-setting and stem-winding devices, and sold the movement as an entirety, *held*, that there could be no recovery of profits in the absence of proof to separate the profits made on these devices from those made on the rest of the movement. 78 Fed. 124, affirmed.

**8. SAME—EVIDENCE OF PROFITS.**

In a suit against watchmakers for infringement by the use of certain devices forming part of a watch movement, evidence of the cost to a different manufacturer of making similar movements is incompetent. 78 Fed. 124, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

This was a suit in equity by Royal E. Robbins and Thomas M. Avery against the Illinois Watch Company for alleged infringement of reissue patent No. 10,631, to Duane H. Church. The cause was heard below on exceptions to the master's report in respect to profits. The exceptions were sustained by the circuit court, and a decree for nominal damages and profits entered. 78 Fed. 124. From this decree the complainants have appealed.

Lysander Hill and George S. Prindle, for appellants.

L. L. Bond, A. H. Adams, C. E. Pickard, and J. L. Jackson, for appellee.

Before WOODS and JENKINS, Circuit Judges.

WOODS, Circuit Judge. For the opinion of the circuit court see 78 Fed. 124. On the first appeal in this case the questions were of the validity and infringement of reissued letters patent No. 10,631, granted to Duane H. Church. Watch Co. v. Robbins, 9 U. S. App. 55, 136, 3 C. C. A. 42, and 52 Fed. 215. The questions now presented arise upon the report of the master, who found that the respondent, the Illinois Watch Company, upon a manufacture and sale of 12,886 infringing watch movements, had realized profits to the amount of $25,337.58. This conclusion was reached upon the erroneous theory that this court had decided that the claim of the Church patent is substantially for a combination of the material parts of the entire machine (meaning the entire watch movement), and, by necessary consequence, that the complainants were entitled to the entire profits realized. In the first paragraph of its opinion this court quoted from the opinion of the supreme court in the case of the Corn Planter Patent, 23 Wall. 181, 218, a passage which, in respect to the claim of that patent, contains the expression, "It is substantially for a combination of the material parts of the entire machine." But for the present contention of the appellants we should have deemed it beyond dispute that as applied to the Church patent the quotation is to be interpreted as if it read in this wise: "It is substantially for a combination of the material parts of the entire winding and hands-setting train." Nothing could be plainer than that Church's claims are for such a train as an improvement in stem winding and setting watches, and for nothing more. The different parts which make up the train are described in the specification, and it was with reference thereto that we said: "It is right, we think, to construe the claims of the patent in question as embracing the devices shown in the specification, each claim being regarded as including such devices and combination as are necessary to meet the requirements of the general terms in which it is expressed." The claims not only do not require, no one of them is so expressed as to permit, the inclusion of the watch movement as a part of the combination. The error of the master in this respect was fundamental, and, in the absence of affirmative proof that the profits reported were attributable solely to the use of Church's invention, would alone have been fatal to his conclusion. There was no such proof, and, besides, the evidence on which it was found that profits had been made from any source was incompetent.

It consisted of proof of the cost of making similar movements by the Elgin Watch Company. That cost the master deducted from the prices at which the Illinois Watch Company sold its manufactures of the same character, and the remainder he treated as profit. This was in violation of the familiar rule of evidence declared in Manufacturing Co. v. Adams, 151 U. S. 139, 14 Sup. Ct. 295, referred to in the report. Moreover, the evidence was not made competent by the proof offered on behalf of the defense to show the actual difference in certain particulars of the cost of manufacture by the two companies. Notwithstanding that proof there remained essential uncertainties in other respects. "Nothing is more common," said the supreme court in the case cited, "than for one manufacturing concern to make profits where another, with equal advantages, operates at a loss." See, also, Coupe v. Royer, 155 U. S. 565, 15 Sup. Ct. 199; Belknap v. Schild, 161 U. S. 10, 16 Sup. Ct. 443. If, therefore, it were true, as contended, that under the circumstances the appellants were entitled to recover all profits made by the appellee, as in Elizabeth v. Pavement Co., 97 U. S. 126, and other cases cited, the proposition is unavailing to the appellants because of the want of competent evidence that profits were realized. It cannot be denied that by the decree of the circuit court the wrongdoer was permitted to go free, and the appellant was left without remedy for an established wrong; but the burden of proof of the profits sought to be recovered was upon the appellant, and, competent evidence not having been adduced, a different decree was impossible. The adjudication of the costs was largely discretionary, and being unable to give the appellant relief upon the main issue we cannot review the action of the court in that particular. The decree below is affirmed.